# *In the United States Court of Federal Claims*

| | | |
|---|---|---|
| **Palafox Street Associates, LP, et. al.**<br>**Plaintiffs,** | ) | |
| **v.** | ) | **No. 99-898C**<br>**Judge C. Miller** |
| **The United States,**<br>**Defendant** | ) | |

## <u>DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR EXHIBIT LIST</u>

I, Michael A. Lewis, being over the age of 18 and a resident of the Commonwealth of Virginia, hereby declare the following based on my personal knowledge and belief:

1. I am an attorney representing Plaintiffs in the above-captioned case, which is scheduled to go to trial later this month. I was admitted to the bar of this Court in 1995 and have appeared *of counsel* in this case, under the supervision of the attorney of record, Herman Braude.

2. On or about July 14, 2006, I participated with the government's lead trial attorney, John Groat, in a telephonic meeting of counsel held pursuant to Appendix A of the rules of this Court.

3. During the aforementioned meeting, exhibit and witness lists were discussed but not yet exchanged. I advised the government that Plaintiffs intended in this case to use all of the exhibits that Plaintiffs previously used in support of the the cross-motions for summary judgment that were filed in 2002 and 2003 with the government. Those exhibits were filed in two volumes: First, a bound appendix volume accompanied Plaintiffs' 2002 motion for partial summary judgment with respect to the mold and rent withholding claims and, second, a loose-leaf

appendix of exhibits accompanied Plaintiffs' 2003 opposition/cross-motion for partial summary judgment with respect to the fraud claim. The exhibits in those volumes were referred to in the papers accompanying the summary judgment motions by volume page number, as no exhibit numbers were assigned to them. I also informed Mr. Groat during the same meeting that we intended to use as trial exhbits the two binders of certified claims that were submitted to the Contracting Officer in 1998. Mr. Groat acknowledged that he had all of these materials in his possession at the time of the meeting. Finally, during the meeting I also pointed out to Mr. Groat that Plainitffs would likely seek to supplement their exhibit lists after the completion of discovery, which was still incomplete at the time of the meeting, including the still-pending production of materials that were the subject of Plaintiffs' motion to compel files that were being withheld based on the government's assertions of privilege. Other discovery matters still unresolved were contested final depositions that both parties would be seeking intervention of the Court to resolve.

4. On or about July 18, 2006, I forwarded to Mr. Groat Plaintiffs' combined exhibit and witness lists. In preparing that document, I used lists that I had asked a part-time law clerk to prepare for me earlier in the summer based on the summary judgment exhibits. I had asked the clerk to assign "P_" exhibit numbers to the existing lists. That list, prepared by the clerk, appeared to be correct and complete when I reviewed it in July. A copy of the July 18, 2006 list that was served on Mr. Groat is attached to this Declaration as **Exhibit 1**. That document aain advised the government that Plaintiffs reserved the right to seek to amend the list upon the conclusion of discovery.

5. In the course of preparing exhbit binders for trial, I realized that certain items from the 2002 binder index had been inadvertently omitted or deleted when the index from that

2002 bound volume was converted to the trial exhibit list. Specifically, a group of documents that appared in the bound volume as pages A001 through C171 of the 2002 summary judgment appendix were mistakenly not included in the trial exhibit list. Those items have now been added to Plaintiff's proposed Amended Exhibit List as P218 through P294. They are same documents, in the same form, that were included in Plaintiffs' bound Volume I of the summary judgment appendix. A copy of the index from that volume is attached here as **Exhibit 2.** They are thus part of the same group of documents that I advised Mr. Groat that Plaintiffs would be using during the pre-trial meeting of counsel, although due purely to a clerical error and negligence of counsel they were omitted from the initial exhibit list.

6. Plaintiffs are also proposing to add two documents related to the audit that the government conducted of the certified claims. Proposed P295 is the GSA audit report that was issued in 2001 by the government to the Plaintiffs. Proposed P296 are close-out comments apparently prepared by the auditor, but furnished to Plaintiffs during the 30(b)(6) deposition of Keating Development Company earlier this year. The government has been in possession of these documents for several years, and in fact prepared same. These documents have been added for identification purposes because, based on communications that have taken place with the government since the filing of the initial exhibit list, Plaintiffs may to wish use these documents at trial to rebut, support or otherwise address certain issues related to Plainitiffs' damages claims.

7. Finally, Proposed Exhbits P297 through P340 are documents produced only recently, and pursuant to court orders, from the files of Diana Parks Curran, Dan Koenig, and Bill Matthews, all current or former GSA employees. The deposition of Diana Parks Curran only occurred on August 24, 2006, and the deposition of Bill Matthews is tomorrow, September 7, 2006.

8. A copy of Plaintiffs' proposed Amended Exhbit List reflecting the above-referenced additions is attached here as **Exhibit 3.**

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: September 7, 2006 Signed: ______________________