IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PALAFOX STREET ASSOCIATES, L.P., et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 99-898C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMENDED THEIR EXHIBIT LIST

Defendant respectfully responds to Palafox Street Associates, L.P., et. al.s ("Palafox") September 8, 2006 motion to amend its exhibit list.

Palafox seeks to amend its exhibit list to include exhibits P218-P294, upon the basis that they were omitted initially in Palafox's August 18, 2006 filing because of a clerical error. Appendix A provides that, absent disclosure to opposing counsel at the meeting of counsel, exhibits will not be admitted "absence . . . the showing of a compelling reason for the failure." Whether Palafox's failure here constitutes a "a compelling reason for the failure" is a matter committed to the discretion of the Court. The Government will be prejudiced from the extremely untimely amendment, both because the Government prepared its case upon the basis of the exhibits actually listed and because this amendment is sought on the eve of trial.

Palafox further seeks to amended its exhibit list to include two related documents: P295, a 2001 audit report, and P296, commentss that Palafox states were apparently prepared by the auditor. As a basis for this amendment, Palafox states that "[t]hese documents have been added for identification purposes because, based on communications that have taken place with the government since the filing of the initial exhibit list, Plaintiffs may to wish use these documents at trial to rebut, support or otherwise address certain issues related to Plaintiffs' damages claims."

The "communications" to which Palafox refers as a basis for its motion constitute our objection to the admission at trial of consolidated exhibit No. 1 for the truth of the matters asserted therein. Appendix 1-7. In part, we objected to the admission of itemizations of the claims for the truth of the matters asserted therein upon the basis that these financial summaries do not comply with the requirements for admission of summaries into evidence pursuant to Rule 1006 and that Palafox had not provided the underlying financial data Our timely and proper objections to Palafox's failure to comply to Rule 1006 does not constitute a proper basis upon which to allow Palafox now to revise its exhibit list on the eve of trial.

The Government does not oppose Palafox's motion to amend its exhibit list to include exhibits P297-P340, because these exhibits were only recently provided to Palafox in discovery.

For the reasons set forth above, the Court should deny Palafox's motion to amend its exhibit list to include exhibits P295 and P296, and the Government does not oppose Palafox's motion to amend its exhibit list to include exhibits P297-P340.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

TODD M. HUGHES
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202)616-8260/514-4325
Facsimile: (202)514-7965

OF COUNSEL:
THOMAS HAWKINS
Assistant General Counsel
General Services Administration
1800 F St., NW Room 4131
Washington, D.C. 20405

September 8, 2006

Attorneys for Defendant