**U. S. Department of Justice**

JSGroat
154-99-898

Civil Division
Phone: 202-616-8260
jack.groat@usdoj.gov

*Washington, D.C. 20530*

July 26, 2006

By Electronic Mail and First Class Mail

Herman M. Braude, Esq.
Michael A. Lewis, Esq.
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007

Re: Palafox Street Associates, L.P., et al., v. United States, Court of Federal Claim No. 99-898

Dear Messrs. Braude and Lewis:

Based upon my initial and very preliminary review, I anticipate that the Government will object to the introduction into evidence of significant portions of plaintiffs' exhibit No. 1, Palafox's claim to the contracting officer. The purpose of this letter is both to alert Palafox the Government's objections and to afford Palafox the opportunity to proposed steps to address the admissibility of this large composite exhibit.

In the absence of our review of Palafox's pretrial memorandum, we are not aware of the precise manner in which Palafox anticipates utilizing exhibit No. 1. While the Government will have no objection in moving into evidence the claim for the limited purpose of establishing the issues placed before the contacting officer, the Government will object to the Court's consideration of significant portions of the claim and various attachments for the purpose of establishing truth of the matters asserted therein.

For instance, each of the claim items contains a summary and statement of the claim. Based upon discovery, we understand that the claim was prepared with the assistance of counsel; Palafox actually resisted the Government's attempt at discovery into communication between its corporate officials and counsel concerning the preparation of the claim upon the basis of privilege. The narration thus represents constitutes a brief prepared in anticipation of litigation in support of Palafox's claims and not a business record that might properly be admissible as evidence in support of Palafox's claim.

Palafox's claim contains numerous summaries and itemizations of the particular monetary claims. For example, Exhibit 1.1 subtitled "Present value of Lease Renewal Periods," reflects assumption regarding future insurance costs and the effective discount rate. Exhibit 2.4, "Summary of Costs, Claim No., 2," similarly reflects various alleged costs, the derivation and basis of which are not apparent from the document. Based upon discovery, we understand that these numbers in some case represent estimates prepared by Mr. Bitterlich and others.

These and other itemizations do not appear to meet the requirement for admission of summaries into evidence pursuant to Rule1006. See Amarel v. Connell, 102 F.3d 1494 (9th Cir. 1997); Conoco Inc. v Dept. of Energy, 99 F.3d 387, 393 (Fed. Cir. 1997; Martin v. Funtime, Inc., 963 F.2d 110, 115-16 (6th Cir. 1992); Fagiola v. National Gypsum Co., 906 F.2d 53, 57-59 (2d Cir. 1990). For any proposed summary exhibits pursuant to Rule 1006, we would insist upon Palafox's production of specific source documents for each specific figure on each proposed summary.

Depending upon the purpose Palafox intends introduce specific portions of Exhibit No. 1, numerous other evidentiary problems appear to exist. Exhibit 3.2, a lease status report, appears not to be an executed copy. Numerous conversations records appear not to be records admissible as business records, but rather statements of Palafox's contentions prepared in support of its claim and in anticipation of litigation.

The comments above are by no means inclusive, but are intended to illustrate the Government's position that there as significant questions as to the admissibility of substantial positions of exhibit No. 1 for the truth of the matters asserted therein. Should Palafox wish to address the issue, we propose that Palafox advise the Government of (1) the basis upon which Palafox contends that specific documents in exhibit No. 1 are admissible, and (2) what, if any, steps if Palafox intends to take to correct problems regarding the admissibility of specific documents contained in Palafox Exhibit No. 1.

Thank you for your time and attention to this matter.

Yours truly,

JOHN S. GROAT
Attorney
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

cc: F. Warren Jacoby, Esq. (electronic mail)
Amanda Wood, Esq. (electronic mail)

LAW OFFICES
BRAUDE & MARGULIES, P.C.
1200 POTOMAC STREET, N.W.
WASHINGTON, D.C. 20007

(202) 471-5400
(202) 471-5404 FAX

August 3, 2006

**BY ELECTRONIC MAIL**

John Groat, Esq.
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

**Re: Palafox Associates, et al. v. United States**

Dear Jack:

This is in response to your letter of July 26, 2006 concerning certain items on our exhibit list.

With regard to my clients' June 30, 1998 certified claims (Exhibit 1), from your letter it would appear that the government may be objecting to the introduction of all or portions of those binders into evidence, but I am afraid that I do not understand the basis or scope of the government's objections. You admit that the documents may be relevant to "establishing the issues placed before the contracting officer," and we certainly agree, but you also express concern that they may be offered "for the purpose of establishing the truth of the matters asserted therein." Please be assured that the "matters asserted therein" are indeed the same "issues" that were "placed before the contracting officer" and that are now on appeal to the Court. You are free to argue over the meaning or the weight that should be attributed by the Court to all or any portion of the materials in the binders, but we also believe that the tabbed claim binders themselves provide both the Court and the parties with useful method of identifying the key components of each of the many individual issues in this case. Virtually all of the documents contained in the binders are also already part of the record.

To the extent that you are raising an objection as to whether any of the items contained in the binders can be introduced without any testimony to establish the truth of the contents of such items, this is a matter of evidence which will be dealt with at trial, and is not the basis for your objection to the binders or their contents being included on our exhibit list.

I'm also confounded by your statement that "Palafox actually resisted the Government's attempt at discovery into communication between its corporate officials and counsel concerning the preparation of the claim on the basis of privilege." The assertion of privilege that you describe would have been entirely appropriate, of course, but in any event I am not aware of any

discovery efforts along those lines that we have "resisted." I understood that your recent attempt at getting Fred Jacoby's files was premised on the mistaken belief that he had been a "transactional" attorney who had some involvement in Keating's bid preparation in 1995, and not that you were seeking access to his privileged attorney-client and work product communications concerning the claim preparation. Furthermore, you have already taken the deposition of Dennis Martin, who supervised the preparation of the claims and certified them.

With regard to the cost/damage summaries contained in those claim binders, the exhibits themselves are self-explanatory as to how those figures were derived. In fact, the GSA conducted an extensive audit of such numbers and issued their audit findings as the result. To insist upon the backup for these summaries, given that audit, is unreasonable. Moreover, you have had numerous opportunities to take discovery into those figures and, in many respects, you have done so. In any event, we will have live witnesses in Court to further elucidate and testify as to our damages calculations, but again the question of the admissibility of that information is one of evidence that will be dealt with at the trial, at which time you can object, if appropriate.

Finally, your letter makes reference to various exceptions to the hearsay rule that you believe are unavailable in this case. We do not intend, nor do we believe the Court's rules require us, to explain to you in advance the authority under or basis upon which we may offer a particular exhibit. Nevertheless, I do look forward to discussing these matters further with you when you return from leave, in the hope of mutually resolving any legitimate concerns that you may have about our proposed exhibits.

Very truly yours,

Michael A. Lewis

cc:

Fred Jacoby, Esq.
Dennis Martin, Esq.
Herman M. Braude, Esq.

**U. S. Department of Justice**

Civil Division
Phone: 202-616-8260
jack.groat@usdoj.gov

JSGroat
154-99-898

*Washington, D.C. 20530*

August 28, 2006

By Electronic Mail and First Class Mail

Herman M. Braude, Esq.
Michael A. Lewis, Esq.
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007

Re: Palafox Street Associates, L.P., et al., v. United States, Court of Federal Claim No. 99-898

Dear Messrs. Braude and Lewis:

Based upon my review of Palafox's August 15, 2006 witness and exhibit lists, this letter advises Palafox of the Government's continued objections to Palafox's proposed exhibits.

Palafox's exhibit No. 1 is its claim to the contracting officer. In the absence of specific clarification in Palafox's pretrial memorandum, we are not aware of the precise manner in which Palafox anticipates utilizing exhibit No. 1. While the Government will have no objection in moving into evidence the entire claim solely for the limited purpose of establishing the issues placed before the contacting officer, the Government will object to the Court's consideration of significant portions of the claim and various attachments for the purpose of establishing truth of the matters asserted therein, in the absence of a proper evidentiary basis.

As previously stated, no basis is apparent for the admission of the summary and statement of the claims for the truth of the matters asserted therein. Palafox's claim contains numerous summaries and itemizations of the particular monetary claims which do not appear to meet the requirement for admission of summaries into evidence pursuant to Rule 1006. See Amarel v. Connell, 102 F.3d 1494 (9th Cir. 1997); Conoco Inc. v Dept. of Energy, 99 F.3d 387, 393 (Fed. Cir. 1997; Martin v. Funtime, Inc., 963 F.2d 110, 115-16 (6th Cir. 1992); Fagiola v. National Gypsum Co., 906 F.2d 53, 57-59 (2d Cir. 1990). Other documents appear to be copies of expert reports (E.g., "P50 Rpt of

Thompson Engineering 6/30/98"), submitted in the absence of compliance with the provisions of Rule 26 regarding expert testimony. Other documents do not appear to be true copies of the executed originals and objectionable for that reason.

Palafox's identification of documents in the exhibit list, moreover, does not permit identification of the specific documents upon which Palafox intends to rely and the form of those documents, as Appendix A, ¶ 13(a) requires. The identification of multiple documents as a "Conversation Record" or as "Conservation Records," in some cases with the same date, makes identification of the particular document upon which Palafox relies impossible. Other references as "P8 A Cost Comparison Chart undated," "P91 Ltrs from Peck undated," "P96 Emails from various persons 12/2//97", "P204 D. Curran on revisions to lease" similarly do not provide proper notice of the particular documents and the form of the document Palafox intends to proffer. In order to identify of the particular exhibits Palafox intends to proffer and the form of those exhibits, please provide either additional identifying information or copies of Palafox's proposed exhibits, as the Government provided for its exhibits.

Thank you for your time and attention to this matter.

Yours truly,

JOHN S. GROAT
Attorney
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

cc: F. Warren Jacoby, Esq. (electronic mail)
Thomas Hawkins, Esq. (electronic mail)