# *In the United States Court of Federal Claims*

| | | |
|---|---|---|
| **Palafox Street Associates, LP, et. al.**<br>**Plaintiffs,**<br><br>**v.**<br><br>**The United States,**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 99-898C**<br>**Judge C. Miller** |

**<u>PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THEIR EXHIBIT LIST</u>**

Plaintiffs Palafox Street Associates, LP, *et al.* ("Plaintiffs") have moved the Court for leave to file an amended exhibit list. The Government has responded, opposing the proposed amended exhibit list in part with respect to Plaintiff's exhibits P218-294, but otherwise consenting to the amendment. Plaintiffs now reply.

In opposing the Plaintiffs' Motion, the Government states that it "will be prejudiced from the extremely untimely amendment, both because the Government prepared its case upon the basis of the exhibits actually listed and because this amendment is sought on the eve of trial." By invoking "prejudice," the Government appears to be implying that it has been unfairly surprised and would be harmed by the proposed amendment, but nothing in the Government's response suggests such concerns are well founded in this case. The Government, in fact, does not deny that the exhibits in question have been in the Government's possession for several years, nor does the Government deny that Plaintiffs' intention to use the same exhibits that were used in connection with prior summary judgment motions was disclosed and discussed during the telephonic meeting of counsel on or about July 14, 2006. Nor does the Government deny that Plaintiffs' counsel previously informed the Government by telephone and in writing of Plaintiffs'

intention to amend the exhibit list upon the completion of discovery by both parties, which only ended last week.

The Government further asserts that it prepared its pretrial memorandum and case "based on" the exhibit list that was filed by Plaintiffs in mid-August, but a careful review of the Government's pre-trial memorandum suggests that even that assertion is not well founded. Indeed, the legal and factual points raised by the Government in its pretrial memorandum are virtually identical to those made by the Government in the summary judgment briefs and papers that were filed by the parties with Judge Yock in 2002 and 2003. The "communications" to which the Government is referring in the second paragraph on page 2 of its response do not refer to exhibits that are contested in this Motion, but rather they refer to Plaintiff's claim binders and damages exhibits only, which the Government has had in its possession for a number of years and which form the basis for the Plaintiffs' claims.

As explained in Plaintiffs' Motion to amend, the inadvertently omitted exhibits (P218-294) relate mainly to a set of exhibits supporting Plaintiffs' claims for the payment of improperly withheld rent, which were the subject of Plaintiffs' initial motion for partial summary judgment. The proposed additional listing of those exhibits, as Plaintiffs explained, is simply to clear up a clerical error that resulted in their inadvertent omission from the initial list, and not to add new or additional information to the record. These documents were already part of the Court's record from an earlier phase of the case. Exclusion of these materials from the case on purely technical grounds asserted by the Government would be extremely prejudicial to Plaintiffs and would impair the Court's fact-finding at trial, while the inclusion of such materials would not prejudice the Government.

For these reasons and those set forth in the initial Motion and Declaration of Counsel, the Court should overrule the Government's objections and allow the requested amendment.

Dated: Septemer 12, 2006

Respectfully submitted,

/s/

Herman M. Braude
Attorney for Plaintiffs
Gerson B. Kramer, *of counsel*
Michael A. Lewis, *of counsel*
BRAUDE & MARGULIES, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007
(202) 471-5400 (tel)
(202) 471-5404 (fax)

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2006, a copy of the foregoing was served by electronic means on the following:

John Groat, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Dept of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530