# *In the United States Court of Federal Claims*

| | | |
|---|---|---|
| **Palafox Street Associates, LP, et. al.** **Plaintiff,** | ) | |
| **v.** | ) | **No. 99-898C** **Judge Yock** |
| **The United States,** **Defendant** | ) | |

## PLAINTIFFS' SUPPLEMENTAL PRETRIAL MEMORANDUM

Plaintiffs, Palafox Street Associates, LP, et al. ("Palafox"), by and through their undersigned counsel, respectfully submit this Supplemental Memorandum to address an issue that the Court raised during the Pre-Trial Conference on September 13, 2006, and in the Court's Order of September 15, 2006, in which the Court "conditionally" allowed certain exhibits that Plaintiffs maintain constitute summaries of their damages.

The exhibits in question include summary information concerning Plaintiffs' damages, including binders that contained and supported Plaintiffs' certified claims, and also an audit report and summary of an audit report prepared by the Government during the course of the litigation.

Under FRE 1006, summaries of voluminous business records are admissible in lieu of the actual records, provided that the source documents were made available to the opposing party for examination or copying at a reasonable time and place prior to trial, and provided that the underlying source documents would themselves be admissible. During the Pre-Trial Conference, the Government's counsel of record challenged whether the proposed exhibits regarding its certified claims and the Government's audit report and summary satisfied those requirements of Rule 1006.

As the Court is well aware, this litigation has been pending since 1999 and arises from certified claims that were first submitted to the General Services Administration ("GSA") Contracting Officer in 1998. The parties engaged in discovery on several occasions. Document production occurred in 2000 and 2001, in which both GSA and DOJ personnel participated in reviewing Plaintiffs' documents. During that production, Plaintiffs made available to the Government for review and inspection all nonprivileged documents that existed and had been requested by the Government in discovery. (Some privileged documents, apparently, were also inadvertently produced at that time.) The documents produced included all the construction-related files compiled by the Plaintiffs over the two-year courthouse construction project, which took place from award in 1995 until 1997, when the construction phase was accepted as substantially complete.

Plaintiffs also produced documents related to activities that took place after substantial completion, when the Government directed Plaintiffs to perform additional work under a threat of withholding rental payments. Supporting documentation related to all of Plaintiffs' certified claims were produced.

Subsequent to the document production that took place as part of formal discovery, the Government also conducted an audit of Plaintiffs' certified claims, through the GSA's own in-house Office of Inspector General ("OIG"). The OIG auditors were given access to all records requested at Plaintiffs' home offices in Bala Cynwyd, Pennsylvania.[1] Discovery was reopened on several occasions after the completion of the audit, and in fact continued until shortly before the last trial date that was scheduled in September 2006.

---

[1] Both the aforementioned discovery efforts and the OIG audit took place before the involvement of the Government's current counsel-of-record in this case.

Plaintiffs maintain that both the discovery efforts that the parties engaged in several years ago, and also the audit conducted during the pendency of the litigation, satisified the requirements of Rule 1006. All of these activities occurred, under the supervision of either the DOJ (with respct to discovery) or the GSA's contracting officer (with respect to the audit) and for the purposes of the present litigation.

This Court has previously examined this same substantive issue in *Doninger Metal Prods. Corp. v. United States,* 50 Fed. Cl. 110 (2001) (Horn, J.). The *Doninger* case was an appeal brought on behalf of a bankrupt supply contractor who had furnished lockboxes to the Postal Service. The contractor had filed a claim seeking an equitable adjustment to reflect alleged increases in costs incurred due to changes in the Postal Service's specifications, and the contracting officer had denied the claim in part. The contractor then filed suit in this Court in 1997 to appeal the partial denial. In the course of the litigation, the contractor introduced an audit report prepared by the Postal Service investigators two years before the litigation began. The Postal Service (represented by the Justice Department) objected to the use of the audit reports on the grounds that the source documents had not been made available during the litigation. *See* 50 Fed. Cl. at 331. Judge Horn agreed that the plaintiff had failed to satisfy the requirement of Rule 1006 of making the source documents available available "in the course of the litigation." *Id.*

Notwithstanding the assertions of the Government, the deficiency identified in *Doniger* is not present in this case. In this case, the document reviews that resulted in the OIG's audit documents took place <u>during</u> the course of the litigation. Furthermore, over the course of six years prior to trial, in formal discovery and otherwise, the Government had an ample opportunity to review Plaintiffs' source documents, which Courts have found to be the fundamental

requirement of the rule. *See, e.g., R&R Associates, Inc. v. Visual Scene, Inc.*, 726 F.2d 36, 37-38 (1st Cir. 1984) (overruling objection on FRE 1006 grounds where the defendant had, "prior to trial . . . ample opportunity to eamine the numerous boxes of records summarized"); *see also United States v. Jamieson,* 427 F.3d 394, 410-11 (6th Cir. 2005) (holding that purpose of FRE 1006 had been served where defendant had had a pretrial opportunity to review the source documents underlying the Ggovernment's summary exhibits). Moreover, in this instance, following the submission of the Plaintiffs' certified claims and the actual commencement of the litigation, the Government also had the books and records of the Plaintiffs audited by its own representatives.

For these reasons, Plaintiffs' proposed exhibits should be admitted, and the Defendant's FRE 1006 objections should be overruled.

Dated: February 2, 2006

Respectfully submitted,

Herman M. Braude /by [signature]

Herman M. Braude
Michael A. Lewis, of counsel
Gerson B. Kramer, of counsel
Attorney for Plaintiffs
BRAUDE & MARGULIES, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007
(202) 471-5400

F. Warren Jacoby, Esq., of counsel
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2154

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2007, a copy of the foregoing was served by electronic mail on the following:

John Groat, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Dept of Justice
Attn: Classification Unit, 8th Floor
1100 L street, NW
Washington, DC 20530

______________________