**No. 99-898C**
**(Judge C. Miller)**

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PALAFOX STREET ASSOCIATES, L.P., et. al.,
Plaintiffs,

v.

THE UNITED STATES,
Defendant.

---

# DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' CLAIM SUMMARIES AS EVIDENCE PURSUANT TO RULE 1006 AND REQUEST FOR EXPEDITED CONSIDERATION

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

TODD M. HUGHES
Assistant Director

JOHN S. GROAT
Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8260
Facsimile: (202) 514-7965
Attorneys for Defendant

OF COUNSEL:

THOMAS HAWKINS
Assistant General Counsel
General Services Administration
1800 F Street, NW, Room 4131
Washington, D.C. 20405

February 7, 2007

# TABLE OF CONTENTS

**PAGE**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' CLAIM SUMMARIES AS EVIDENCE PURSUANT TO RULE 1006 OR, IN THE ALTERNATIVE, TO RESCHEDULE THE TRIAL AND REOPEN DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PROCEDURAL POSTURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. A Motion In Limine Is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. Standard For Admission Of Summaries Under Rule 1006 . . . . . . . . . . . . . 4

III. Palafox's Failure To Comply With The Court's October 31, 2005 Order and Procedures Of Appendix A For Rule 1006 Exhibits Prejudices The Government And Warrants Exclusion Of The Exhibits If Proffered Pursuant To Rule 1006 . . . . . . . . . 6

IV. Palafox's Claim Summaries Do Not Comply With Rule 1006 . . . . . . . . . . 9

A. The Summaries Do Not Reflect "The Contents Of Voluminous Writings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. Palafox Cannot Meet Its Burden To Establish That The Underlying Documents Are So Voluminous That They Could Not Be Examined Conveniently By The Court . . . . . . . . . . . 9

C. The Underlying Evidence, To The Extent That It May Exist, Is, In Part, Inadmissible . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

D. Palafox's Production Of Certain Documents To GSA Auditors Is Completely Irrelevant To Its Obligations To Comply With the Court's October 31, 2005 Order And With Appendix A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E. Palafox Counsel's Assertion Of Privilege And Direction To Deponents Not To Respond to Inquires Regarding the Preparation of its Claim Renders the Claim Summaries Inadmissible Pursuant to Rule 1006 . . . . . . . . . 13

F. The Summaries Improperly Claim Entitlement To Costs Alleged Incurred by Keating Building Corporation . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

Air Safety, Inc. v. Roman Catholic Archbishop of Boston,
94 F.3d 1, 8 (1st Cir. 1996) . . . . . 8

Baskett v. United States,
2 Cl. Ct. 356 (1983) . . . . . 3

Bath Iron Works Corp. v. United States,
34 Fed Cl. 218 (1995) . . . . . 9, 10

Campbell v. United States,
2 Cl. Ct. 247 (1983) . . . . . 13

Conoco Inc. v. Dep't of Energy,
99 F.3d 387 (Fed. Cir. 1997) . . . . . 5, 10

Doniger Metal Prods., Corp. v. United States,
50 Fed. Cl. 110 (2001) . . . . . 8, 11

Durable Metal Products, Inc. v. United States,
21 Cl. Ct. 41 (1990) . . . . . 12

Engebretsen v. Fairchild Aircraft Corp.,
21 F.3d 721 (6th Cir. 1994) . . . . . 12

INSLAW, Inc. v. United States,
35 Fed. Cl. 295 (1996), aff'd, 40 Fed. Cl. 843 (1998) . . . . . 3, 4

Int'l Graphics Div. of Moore Business Forms, Inc. v. United States,
5 Cl. Ct. 100 (1984) . . . . . 4

Peat, Inc. v. Vanguard Research Inc.,
378 F.3d 1154 (11th Cir. 2004) . . . . . 4, 5, 6

Sharman Co. v. United States,
2 F.3d 1564 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.,
71 F.3d 335 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Bray,
139 F.3d 1104 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

United States v. Buck,
324 F.3d 786 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Gwathney,
465 F.3d 1133 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. J.M. Taylor,
166 F.R.D. 356 (M.D.N.C.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. N. Am. Reporting, Inc.,
740 F.2d 50 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Scales,
594 F.2d 558 (6th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Taylor,
210 F.3d 311 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Weeks Dredging & Contracting, Inc. v. United States,
11 Cl. Ct. 37, 45 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Westfed Holdings, Inc. v. United States,
55 Fed. Cl. 544 (2003), aff'd in part, rev'd in part, 407 F.3d 1352 (Fed. Cir. 2005), on remand, 68 Fed. Cl. 661 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

White Mountain Apache Tribe of Az. v. United States,
10 Cl. Ct. 115 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wilson v. Lakner,
228 F.R.D. 524 (D.Md. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Witherington Construction Corp. v. United States,
45 Fed. Cl. 208 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.,
505 F. Supp. 1125 (E.D. Pa. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES, RULES AND REGULATIONS

Fed. R. Evid. 1006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **passim**

Fed. R. Evid. 1006 (emphasis added) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **passim**

28 U.S.C. §§ 516-520 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 803(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**APPENDIX**


1. Excerpts from claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
2. Bitterlich memo dtd April 7, 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
3. F. Jacoby ltr dtd April 13, 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
4. Draft audit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49
5. Response to requests for production and interrogatories . . . . . . . . . . . . . . . . . . . . . . 87
6. DOJ ltr dtd Amy 22, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 145
7. Deposition of Dennis Martin (December 30, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 150
8. Deposition of Don Bitterlich (May 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 168
9. DOJ ltr dtd July 22, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 225
10. Braude & Margulies ltr dtd August 3, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 228
11. DOJ ltr dtd July 26, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 230
12. Dennis Martin deposition (August 18, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 235

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PALAFOX STREET ASSOCIATES, L.P., et. al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 99-898C |
| v. | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' CLAIM SUMMARIES AS EVIDENCE PURSUANT TO RULE 1006 AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant, the United States, pursuant to Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully moves the Court for an order in limine precluding Palafox Street Associates, L.P., et. al.'s ("Palafox") from relying upon and introducing into evidence claim summaries incorporated into its claim to the contacting officer as evidence of its entitlement pursuant to Federal Rule of Evidence 1006 ("Rule 1006"); Palafox now proposes to do this in its February 5, 2007 supplemental pretrial memorandum ("Palafox Supp.") and we respond. In the alternative, we ask the Court to reschedule the trial and reopen discovery to permit the Government to conduct an appropriate evidentiary inquiry into these exhibits. Should the Court determine not to act upon this motion prior to the commencement of trial, we ask the Court to consider this motion as the Government's continuing objection to the introduction of these summaries at trial. In support of this motion, we rely upon the memorandum which follows, with

appendix (“A–“). The Government respectfully requests expedited consideration of this motion.

MEMORANDUM

PROCEDURAL POSTURE

Palafox’s June 30, 1998 claim to the contacting officer included itemizations of the amount sought or claim summaries, copies of which are appended. Appendix (“A–“) 1-18. During discovery, Palafox refused to respond to requests for identification of “all labor and costs records which substantiate” its costs and other requests, despite the Government’s request, the Court’s October 31, 2005 order to supplement its interrogatory responses, the Government renewed motion to compel, and the Court’s December 19, 2005 order upon that motion. See A94, A116, A117, A113, A127, A131, A133, A135, A136, A139, A140, A141. Upon review of Palafox’s exhibit list, the Government in a July 26, 2006 letter expressed its objection to the introduction into evidence of Palafox’s claim to the contracting officer for the truth of the matters asserted therein and specifically stated its objection to the introduction into evidence pursuant to Rule 1006 of summaries of Palafox’s claims upon the basis that those summaries did not meet the requirements of Rule 1006. A225. In an August 3, 2006 letter, Palafox responded. A228. Palafox’s August 8, 2006 pretrial memorandum did not address this question or the proof Palafox intended upon to rely to prove quantum. The Government’s September 8, 2006 pretrial memorandum argued that the claim summaries were not admissible pursuant to Rule 1006 and the Court addressed this matter in some length at the pretrial

conference at pages 38-50 of the transcript. In its February 5, 2007 supplemental pretrial memorandum, Palafox now contends for the first time that its itemization or claim summaries, which we understand to be the summaries appended to this motion at A1-16, are properly admissible pursuant to Rule 1006 as evidence of Palafox's claimed entitlement.

## SUMMARY OF ARGUMENT

Palafox's extraordinarily untimely notice of its intention to submit into evidence certain exhibits pursuant to Rule 1006 is contrary to the Court's October 31, 2005 order for Palafox to supplement its discovery responses and the specific rules the procedures the regarding Rule 1006 summaries, and thereby severely prejudices the defendant. See RCFC, Appendix A, ¶ 13(a). For that reason alone, the Court should grant this motion. Upon examination, moreover, the summaries themselves does not qualify as evidence admissible under Rule 1006 for various reasons.

## ARGUMENT

### I. A Motion In Limine Is Appropriate

The purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996), aff'd, 40 Fed. Cl. 843 (1998). "Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (citing Baskett v. United States, 2 Cl. Ct. 356, 359 (1983)). The Court of Federal Claims has

consistently held that a ruling in limine "is a remedy designed to increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial." Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); Int'l Graphics Div. of Moore Business Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984); see INSLAW, 35 Fed. Cl. at 302-03; White Mountain Apache Tribe of Az. v. United States, 10 Cl. Ct. 115, 118-20 (1986) (interlocutory order), further proceedings, 11 Cl. Ct. 614 ( 1987), aff'd, 5 F.3d 1506 (Fed. Cir. 1993) (Table).

## II. Standard For Admission Of Summaries Under Rule 1006

Federal Rule of Evidence 1006 governs the admissibility of summary exhibits, and provides, in relevant part:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Rule 1006 (emphasis added).

If a summary is admitted as evidence, it is not necessary that the underlying documents which are the basis for the summary be admitted. United States v. Bray, 139 F.3d 1104, 1110 (6th Cir. 1998); see also Peat, Inc. v. Vanguard Research Inc., 378 F.3d 1154, 1159-60 (11th Cir. 2004). This fact distinguishes a summary from a demonstrative or illustrative exhibit (sometimes referred to as a "pedagogical-device summary") which is not itself evidence, but which merely acts as an aid to the presentation of other evidence that has been admitted. Bray, 139 F.3d at 1112; see also United States v. Buck, 324 F.3d 786, 790 (5th Cir. 2003).

Because a Rule 1006 summary is considered evidence, there are certain conditions that must be met before it may be admitted under Rule 1006. First, the documents that are summarized must be so voluminous that they cannot be conveniently examined in court. Bray, 139 F.3d at 1109. Second, the proponent of the summary must have made the underlying documents "available for examination or copying or both, by other parties at a reasonable time and place." Rule 1006. Third, in order for a summary to be admissible, the underlying documents themselves must be admissible in evidence. Conoco Inc. v. Dep't of Energy, 99 F.3d 387, 393 (Fed. Cir. 1997); Bray, 139 F.3d at 1110; Peat, 378 F.3d at 1160 ("Rule 1006 is not a back-door vehicle for introduction of evidence which is otherwise inadmissible."). These requirements are designed to insure the reliability of the evidence, by avoiding error and distortions:

> Thus, the rules recognize that the preparation of summaries from other documents carries risks of error or distortion that must be guarded against by giving the opposing party an

> opportunity to review and object to the underlying documents. It follows a fortiori that when no foundation for the underlying documents has been laid and when those documents have not been made available to the opponent of the evidence (because the opponent does not even have the underlying documents), summaries prepared from those documents would be objectionable under Rule 1006.

Conoco, 99 F. 3d at 393-94.

Thus, in order to be admissible, a summary "must be accurate and nonprejudicial." Bray, 139 F.3d at 1110; see also United States v. Taylor, 210 F.3d 311, 315-16 (5th Cir. 2000) (necessary precondition to the admission of summary charts is that they accurately reflect the underlying records or testimony . . . ."); United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979). A Rule 1006 summary solely may present the information contained in the underlying documents, and should do so in an objective and non-misleading manner, devoid of "conclusions of or inferences drawn by the proponent[.]" Bray, 139 F.3d at 1110; see also Peat, 378 F.3d at 1159 (argumentative matter should not be included in a Rule 1006 summary). When a summary goes beyond the compilation of information contained in the underlying documents, and incorporates "questionable assumptions," it should not be admitted under Rule 1006. United States v. N. Am. Reporting, Inc., 740 F.2d 50, 54 (D.C. Cir. 1984).

## III. Palafox's Failure To Comply With The Court's October 31, 2005 Order and Procedures Of Appendix A For Rule 1006 Exhibits Prejudices The Government And Warrants Exclusion Of The Exhibits If Proffered Pursuant To Rule 1006

Suggesting for the first time in its memorandum on the eve of trial that exhibits should be entered into evidence pursuant to Rule 1006, Palafox's failure to comply both with the Court's October 31, 2006 order to supplement its discovery responses and with the Court's rules regarding Rule 1006 exhibits manifestly prejudices the Government's defense and, thereby, the Court's search for the truth. For that reason alone, the Court should hold these summaries inadmissible or, in the alternative, reschedule the trial and reopen discovery to permit the Government to make appropriate inquiries into the exhibits.

Pursuant to the Government's motion to compel, the Court's October 31, 2006 order directed Palafox to supplement its discovery responses. Pursuant to the Government's renewed motion to compel, the Court's on December 19, 2005, held that "defendant can move to exclude any evidence that plaintiffs offer that should have been made available to defendant as a supplement to a discovery response or a more complete discovery response." Simply, Palafox never complied with the Court's orders, its failure to do so prejudices the Government, and the Court should exclude the exhibits upon that basis. See A94, A116, A117, A113, A127, A131, A133, A135, A136, A139, A140, A141.

A party intending to introduce into evidence a summary pursuant to Rule 1006, moreover, must comply with the provisions of ¶ 13(a) of Appendix A of RCFC, which provides, in pertinent part:

> 13. Meeting of counsel. For cases to be resolved by trial, counsel for the parties shall meet no later than 63 days before the pretrial conference and accomplish the following.
>
> (a) Exhibits. Exchange a list of all exhibits (including summaries, see Fed. R. Evid. 1006) to be used at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment. Each exhibit on the list shall be identified by an exhibit number and description. Unless previously exchanged, counsel for the parties shall exchange a copy of each exhibit listed. In the case of exhibits to be offered as summaries under Fed. R. Evid. 1006, the offering party shall provide opposing counsel with a statement with respect to each summary exhibit describing the source(s) for the items or figures listed (e.g., ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each summary and who will be made available to the opposing party during any examination or audit of the source material to provide information and explanations necessary for verification of the information in the summary.

Thus, the provisions of paragraph 13 impose specific procedural and substantive prerequisites to the admission of a summary pursuant to Rule 1006: the opposing party has the right to expect production of the summary at the meeting of counsel, and has the right to know the identity of, and interview, the individual who created the summary. See Doniger Metal Prods., Corp. v. United States, 50 Fed. Cl. 110, 130 (2001) ("Common sense dictates that the guaranteed access [to the material underlying a summary is]

designed to give the opponent the ability to check the summary's accuracy and prepare for cross examination.") (quoting Air Safety, Inc. v. Roman Catholic Archbishop of Boston, 94 F.3d 1, 8 (1st Cir. 1996)). This requirement afford the opponent to a summary an opportunity to verify its accuracy, determine whether it meets the requirements for admission under Rule 1006, and rebut the summary, if necessary.

Palafox did not comply with the Court's October 31, 2005 order and with Appendix A, and that failure both prejudices the Government's defense and disrupts the Court's orderly resolution of the matter. For that reason, the Court should hold these summaries are not admissible pursuant to Rule 1006.

## IV. **Palafox's Claim Summaries Do Not Comply With Rule 1006**

### A. **The Summaries Do Not Reflect "The Contents Of Voluminous Writings"**

Rule 1006 provides that "the contents of the contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation." Should the Court reach this issue, Rule 1006 has no apparent application here because there are no voluminous writinga which could not be introduced into evidence and the summaries themselves do not reflect the "contents of voluminous writings, recordings, or photographs."

**B. Palafox Cannot Meet Its Burden To Establish That The Underlying Documents Are So Voluminous That They Could Not Be Examined Conveniently By The Court**

In arguing for the admissibility of the disputed summaries, Palafox has correctly refrained from contending that any summarized writings are so voluminous that they cannot be conveniently examined by the Court; thus, Palafox cannot establish an essential requirement of Rule 1006. See Bath Iron Works Corp. v. United States, 34 Fed Cl. 218, 232 (1995).

For example, Palafox fails to suggest any possible basis for the Court to conclude that documentary evidence of the insurance costs Palafox projects as a basis for its calculation of what it alleges to be the net present value of lease renewal could not be entered into evidence and no basis is apparent See A1. Having not identified the document or documents which it contends would support these costs, Palafox now to propose to rely upon a Rule 1006 summary. Rule 1006 by its very terms does not permit the entry into evidence of such self-serving and unsupported compilations.

**C. The Underlying Evidence, To The Extent That It May Exist, Is, In Part, Inadmissible**

In its memorandum, Palafox refrains from contending that the underlying evidence is admissible, as is its burden. Bath Iron Works, 34 Fed. Cl. at 232; Conoco, Inc. v. Department of Energy, 99 F. 3d 387, 393 (Fed. Cir. 1996). Upon examination, much of the underlying evidence is inadmissible.

For instance, Palafox has not produced any documents of which counsel is aware to substantiate the $1,300 it now claims to be entitled for 13 hours alleged expended by Mr. Bertino. See A2. Based upon the deposition of Mr. Bitterlich, who participated in the preparation of the exhibits, we understand these figures to represent estimates he prepared based upon inquires he made preparing the claim. Deposition Don Bitterlich (May 17, 2006) at 163-166, A209-10. There appears to be no underlying document supporting this summary, the figures appear to be based upon multiple hearsay, and have been prepared, with the assistance of counsel, in anticipation of litigation.

The contract records relative to this case, moreover, were not maintained in the ordinary course of business so as to be admissible pursuant to the "business records" exception to the hearsay rule, Rule 803(6). Palafox's counsel here directed the project executive "not . . . to build a trail of correspondence regarding any consultant or subcontractor or supplier of Keating which might be used by the GSA as evidence of their liability, which might then be imputed to Keating." F. Jacoby Ltr (April 13, 1998), A47. Moreover, it appears that this direction was followed. Mr. Bitterlich testified that he prepared an analysis of the impact of errors and omissions by Palafox's architect (Deposition Don Bitterlich (May 17, 2006) at 122-29, A199-200), which analysis the Government did not locate in its examination of the contract files produced. "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business." United States v. Gwathney, 465 F.3d 1133 (10th Cir. 2006) (quoting Timberlake Const. Co. v. U.S. Fidelity and Guar. Co., 71 F.3d

335, 342 (10th Cir. 1995). Palafox's project records here were not prepared and maintained in the ordinary course of business and are not properly admissible for that reason; it follows the summaries prepared based upon those inadmissible records are not admissible pursuant to Rule 1006.

Rule 1006 does not provide the admission into evidence of compilations prepared in anticipation of litigation based upon multiple hearsay and inadmissible documents.

**D. Palafox's Production Of Certain Documents To GSA Auditors Is Completely Irrelevant To Its Obligations To Comply With the Court's October 31, 2005 Order And With Appendix A**

While correctly acknowledging that this Court in Doningrer Metal Prods. Corp. v. United States, 50 Fed. Cl. 110 (2001), previously has held that failure to produce documents to the Department of Justice during ligation preluded the introduction of exhibits pursuant to Rule 1006, Palafox attempts to distinguish that holding upon two alternative bases: (1) here the audit occurred while the ligation was pending and (2) "the Government had the opportunity to review the source documents." Upon examination, neither basis upon which to distinguish Doningrer Metal. has any merit.

The fact that the audit occurred while ligation was pending has no bearing upon Palafox's obligations to comply with the Court's order to supplement its discovery responses, with Palafox's obligations under Appendix A, or with Rule 1006. "Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation." Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993). See also 28 U.S.C. §§ 516-520; Witherington Construction Corp. v. United States, 45

Fed. Cl. 208, 211-12 (1999); Durable Metal Products, Inc. v. United States, 21 Cl. Ct. 41, 46 (1990). Palafox does not allege that underlying documents here were made available to the Department of Justice and, thus, cannot meet its burden under Rule 1006.

Should the Court reach the issue, although Palafox relies upon the draft audit report[1] as establishing the supporting documents were produced to the General Services Administration, the audit reflects that the auditors did not consider two claims and that Palafox did not provide supporting documents for numerous items claimed. A49, A53-54. The audit, thus, actually confirms that Palafox has not produced for inspection documents supporting documentation for all the entries in the exhibits it now seeks to proffer pursuant to Rule 1006.

[1] The report itself is inadmissible as hearsay. Rule of Evidence 702 permits the introduction of expert testimony under certain limited and defined circumstances as an exception to the hearsay rule, but makes no provision for the admission of expert reports. The draft audit obviously constitute hearsay and, thus, properly inadmissible, in the absence of either a stipulation or another recognized exception to the hearsay rule. See Westfed Holdings, Inc. v. United States, 55 Fed. Cl. 544, 569 (2003) ("While FRE 703 permits an expert to testify based upon material not admitted into evidence, *see* Fed. R. Evid. 703, FRE 703 does not permit such materials to be admitted into evidence."), aff'd in part, rev'd in part, 407 F.3d 1352 (Fed. Cir. 2005), on remand, 68 Fed. Cl. 661 (2005); see also Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion *testimony* not opinions contained in documents prepared out of court.") (emphasis in original)

**E. Palafox Counsel's Assertion Of Privilege And Direction To Deponents Not To Respond to Inquires Regarding the Preparation of its Claim Renders the Claim Summaries Inadmissible Pursuant to Rule 1006**

Should the Court reach the issue, Palafox's assertion of privilege and direction to a deponent who prepared these exhibits not to answer questions regarding the preparation of the claim properly renders that the claim inadmissable pursuant to Rule 1006. Deposition of Dennis Martin (December 30, 2005) at 35-40, A159-60; Deposition Don Bitterlich (May 17, 2006) at 54-87, A183-190. Appendix A specifically provides that a party has a right to make inquiry into the preparation of exhibits offered pursuant to Rule 1006. Palafox's direction through counsel here not to answer questions regarding the preparation of the claim establishes that the claim is not properly admissible pursuant to Rule 1006 and Appendix A. The assertion of privilege here establishes that these summaries should be given no more evidently wight than mere supported assertions of counsel –- no weight whatsoever. See Campbell v. United States, 2 Cl. Ct. 247, 249 (1983) (rejecting conclusory legal arguments of counsel in opposition to motion for summary judgment).

**F. The Summaries Improperly Claim Entitlement To Costs Alleged Incurred by Keating Building Corporation**

The claim summaries improperly incorporate expenses alleged incurred by Keating Building Corporation, which is not a plaintiff. The Court's July 14, 2006 order provides that Palafox is "responsible for proving any liability of Keating Development Company to Keating Building Corporation relating to this project" and directed that Palafox provide a

30(b)(6) deponent "to address any basis upon which Keating Development Company is liable to Keating Building Corporation for work performed on the Pensacola Courthouse project, including any liability for the work upon which plaintiffs base their claims in this action." When Mr. Martin, the 30(b)(6) deponent, was asked what contract provision addresed the question, he could not respond. Deposition of Dennis Martin (August 18, 2006) at 11, A245 (Question: "Do you recall specifically what the contract provisions provided in this case?" Answer: "No. I haven't looked at it."). Under these circumstances, Palafox should not be permitted to present proof at trial on this question and has no entitlement to any of the costs alleged incurred by Keating Building Company. See Wilson v. Lakner, 228 F.R.D. 524, 530 (D.Md. 2005) ("depending on the nature and extent of the obfuscation, the testimony given by the non-responsive deponent (e.g. 'I don't know') may be deemed binding on the corporation so as to prohibit it from offering contrary evidence at trial"); United States v. J.M. Taylor, 166 F.R.D. 356, 362 (M.D.N.C.1996) (where a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial).

## CONCLUSION

For the reasons set forth above, the Court should grant the Government's motion in limine and enter an order precluding Palafox from introducing into evidence and relying upon claim summaries incorporated into its claim to the contacting officer as evidence of its entitlement pursuant to Rule 1006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

TODD M. HUGHES
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8260
Facsimile: (202) 514-7965

OF COUNSEL:
THOMAS HAWKINS
Assistant General Counsel
General Services Administration
1800 F St., NW Room 4131
Washington, D.C. 20405

February 7, 2007

Attorneys for Defendant