| | | | | | | |
|---|---|---|---|---|---|---|
| Dennis A. Martin, Esq. | $ 125.00 | $ 250 | $ - | $ 250 | $ - | 5 |
| Don Bitterlich | 65.00 | 5,330 | - | 5,330 | - | 5 |
| Marcia Kelly | 30.00 | 150 | - | 150 | - | 5 |
| Telephone/Fax | | 150 | - | 150 | - | 5 |
| Copy/Reproduction | | 50 | - | 50 | - | 5 |
| UPS | | 50 | - | 50 | - | 5 |
| Palafox | | $ 5,980 | $ - | $ 5,980 | $ - | |
| Keating Total | | 6,906 | 5,460 | 1,446 | - | |
| Palafox and Keating | | $ 12,886 | $ 5,460 | $ 7,426 | $ - | |
| Palafox Markup at 10% | | 1,289 | 546 | 743 | - | |
| Total | | $ 14,175 | $ 6,006 | $ 8,169 | $ - | |

DRAFT REPORT FOR OFFICIAL USE ONLY

## STATEMENT OF PALAFOX' S CLAIMED COSTS AND RELATED AUDIT ADJUSTMENTS
(Continued)

ITEM # 10 *ADD PLASTER CEILINGS AT HOLDING CELLS/ADJOINING AREAS*

| Description | Proposed Rate | Audited Rate | Proposed Amount | Audit Amount | Audit Adjustment | Unsupported Costs | Notes |
|---|---|---|---|---|---|---|---|
| KBC CE#133 Grout Cell Deck Voids | | | $ 7,101 | $ 7,101 | $ - | $ - | |
| KBC CE#134 Plaster Clg. @ Cell | | | 21,746 | 15,791 | 5,955 | - | 9 |
| Laborer/Protection of Quarry Tile & Glazed Walls | | | 300 | - | 300 | 300 | 1 |
| Janitorial Services | | | 500 | - | 500 | 500 | 1 |
| Michael S. Bertino, PE | $ 100.00 | | 700 | - | 700 | - | 2 |
| Peter Cocchia, CPA | 75.00 | | 75 | - | 75 | - | 2 |
| Lester Cippenger, Jr. | 65.00 | | 585 | - | 585 | - | 2 |
| Charles Vann (14 hrs.) | 66.00 | $ 58.43 | 924 | 818 | 106 | - | 3 |
| Frank Schoell (72 hrs.) | 75.00 | 56.52 | 5,400 | 4,069 | 1,331 | - | 3 |
| 0Nancy Swallow | 30.00 | | 30 | - | 30 | - | 2 |
| Barbara Coppola | 30.00 | | 1,140 | - | 1,140 | - | 2 |
| PM Living Expense | 750.00 | | 510 | - | 510 | - | 2 |
| PM Travel Expense | 375.00 | | 255 | - | 255 | - | 2 |
| PS Living Expense | 750.00 | | 510 | - | 510 | - | 2 |
| PS Travel Expense | 375.00 | | 255 | - | 255 | - | 2 |
| Office Equipment Lease | 612.00 | | 416 | - | 416 | - | 2 |
| Telephone/Fax | | | 100 | - | 100 | - | 2 |
| Copy/Reproduction | | | 250 | - | 250 | - | 2 |
| UPS | | | 50 | - | 50 | - | 2 |



DRAFT REPORT FOR OFFICIAL USE ONLY

| | | | | | | |
|---|---|---|---|---|---|---|
| Keating Subtotal | | $ 40,847 | $ 27,779 | $ 13,068 | $ 800 | |
| Keating Overhead at 10% | | - | 2,778 | - | 80 | |
| Keating Profit at 10% | | - | 2,778 | - | 80 | |
| Keating 10% Markup | | 4,085 | - | (1,471) | - | |
| Keating Total | | $ 44,932 | $ 33,335 | $ 11,597 | $ 960 | |
| Dennis A. Martin, Esq. | $ 125.00 | $ 375 | - | $ 375 | $ - | 5 |
| Don Bitterlich | 65.00 | 6,435 | - | 6,435 | - | 5 |
| Marcia Kelly | 30.00 | 150 | - | 150 | - | 5 |
| Telephone/Fax | | 150 | - | 150 | - | 5 |
| Copy/Reproduction | | 150 | - | 150 | - | 5 |
| Photograph | | 75 | - | 75 | - | 5 |
| UPS | | 100 | - | 100 | - | 5 |
| Palafox | | $ 7,435 | $ - | $ 7,435 | $ - | |
| Keating Total | | 44,932 | 33,335 | 11,597 | 960 | |
| Palafox and Keating | | $ 52,367 | $ 3,335 | $ 19,032 | $ 960 | |
| Palafox Markup at 10% | | 5,237 | 3,334 | 1,903 | 96 | |
| **Total** | | $ 57,604 | $ 36,669 | $ 20,935 | $ 1,056 | |

## STATEMENT OF PALAFOX' S CLAIMED COSTS AND RELATED AUDIT ADJUSTMENTS
(Continued)

Notes:

1. Palafox did not provide support for these items. According to the project executive, no support exists.

2. Palafox included these items for the general contractor, Keating Building Corporation (Keating). We adjusted these costs because Supplemental Lease Agreement Number 1 (SLA 1) restricted overhead to 10 percent. Only three Keating employees, Gus Rusden, Charles Vann and Frank Schoell, charged direct time to the Pensacola courthouse. All other employees are in overhead for Keating or markup for Palafox.

3. Palafox proposed burdened direct labor rates based on billing rates. Palafox supported these billing rates by including health and life insurance in the burden. However, according to SLA 1, only payroll taxes, workers compensation, and public liability insurance can be included in the labor burden for direct costs. We averaged salaries from 1997 and 1998 since these claims are for work performed from March 1997 through June 1998 for Gus Rusden and Charles Vann. We calculated an hourly rate by dividing the annual salary by 2,080 hours. Frank Schoell resigned at the end of September 1997. We annualized his salary based on nine months. Below are our calculations:

| Name | W-2 Salary 1998 | W-2 Salary 1997 | W-2 Salary Average | Adjust-ment | Adjust. Salary | FUTA $7,000 @0.8% | SUTA $8,000 @9.07% | Soc. Sec. $68,400 @ 6.2% | Medicare 1.45% | Workers Comp. @4.67% | Total Cost | Cost Per Hour |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gus Rusden | 118,306 | 118,770 | 118,538 | | 118,538 | 56 | 726 | 4,241 | 1,719 | 5,536 | 130,816 | $ 62.89 |
| Charles Vann | 111,036 | 108,539 | 109,788 | | 109,788 | 56 | 726 | 4,241 | 1,592 | 5,127 | 121,530 | $ 58.43 |
| Frank Schoell | 0 | 79,540 | 79,540 | x 12/9 | 106,053 | 56 | 726 | 4,241 | 1,538 | 4,953 | 117,567 | $ 56.52 |

4. Palafox supported this item with two invoices ($2850 + $220) from General Painting Co. for a total of $3,050 on March 5, 1998. Palafox marked this item up 10 percent to $3,355 and erroneously added the $220 to it again to total $3,575. We adjusted the $220.

5. These items are included in the Palafox's markup which should be costed at 10 percent according to SLA 1.

6. Palafox based this amount on a proposal from Reynolds Construction Company for $182.50. Reynolds marked up an invoice from Quigley Lighting Company of $107.50 by $75.00. We

allowed a 10 percent markup of the $107.50 in accordance with SLA No. 1. Therefore the amount is $118 ($107.50 x 1.1).

8. Palafox submitted a conversation and estimates. No support for work, either billed or paid, was provided. We adjusted these costs as unsupported.

## STATEMENT OF PALAFOX' S CLAIMED COSTS AND RELATED AUDIT ADJUSTMENTS (Continued)

Notes:

9. Palafox submitted a request for a change order to support this item. No support for work, either billed or paid was provided. We adjusted these costs as unsupported.

10. Palafox provided an application and certificate of payment which includes an amount of $15,791 for plastering a ceiling. We accepted $15,791 for plastering and adjusted the $5,955 difference.

AUDIT OF A CLAIM FOR INCREASED COSTS
PALAFOX STREET ASSOCIATES, L.P.
FEDERAL COURTHOUSE, PENSACOLA, FL
LEASE NUMBER GS-04B-97-35055
REPORT NUMBER A010089/P/4/xxx

## REPORT DISTRIBUTION

| | Copies |
|---|---|
| Regional Administrator (4A) | 3 |
| Contracting Officer (4PEA-C) | 1 |
| Assistant Inspector General for Auditing (JA) | 2 |
| Office of Audit Followup and Evaluation Branch (BECA) | 1 |
| Regional Inspector General for Investigations (JI-4) | 1 |

LAW OFFICES
BRAUDE & MARGULIES, P.C.
THE BRAWNER BUILDING
888 SEVENTEENTH STREET, N.W.
SUITE 500
WASHINGTON, D.C. 20006

(202) 293-2993
(202) 331-7916 FAX

Saudi Arabia Office
P.O. Box 59446
Nuzha Bldg, 6th Floor
Riyadh, Saudi Arabia 11525
Telephone/Facsimile (966-1).405-1291

United Arab Emirates Office
P.O. Box 43908
Abu Dhabi, U.A.E.
(971-2) 787222
Fax (971-2) 784001

January 12, 2001

John S Groat, Esq.
Commercial Litigation Branch
Civil Division, Department of Justice
Classification Unit, 8th Floor
Washington, DC 20530

Re: COFC No. 99-898C
Palafox Street Associates, LP v. United States,

Dear Mr. Groat:

Enclosed herewith please find the signed originals of Plaintiff's Responses and Obections to Defendant's First Set of Interrogatories and Plaintiff's Responses and Objections to Defendant's First Requests for Production of Documents.

Sincerely yours,

Gerson B. Kramer

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PALAFOX STREET ASSOCIATES, L.P., et. al., Plaintiffs, v. THE UNITED STATES, Defendant | NO: 99-898C |

RESPONSES AND OBJECTIONS OF PLAINTIFFS TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFFS

1. All documents that comprise the lease between the Government and Palafox.

RESPONSE: To the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

2. All documents that refer to, or are related to, the lease, including formation of the lease, and/or the project.

RESPONSE: Plaintiffs object to Request No. 2, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 2 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

3. All documents relating to the design of the project.

RESPONSE: Plaintiffs object to Request No. 3, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit

information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 3 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

4. All documents relating to your preparation and submission of the price proposal for the work contemplated by the lease, including but not limited to, the bid itself, all work sheets, estimates, take-off sheets, bid forms, memoranda, notations, inter-office communications, and/or notes.

RESPONSE: Plaintiffs object to Request No. 4, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 4 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

5. All documents relating to Keating Development Corporation's preparation and submission of the bid to Palafox Street Associates, L.P., for the work contemplated by the project, including but not limited to, the bid itself, all work sheets, estimates, take-off sheets, bid forms, memoranda, notations, inter-office communications, and/or notes.

RESPONSE: Plaintiffs object to Request No. 5, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 5 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control

or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

6. All contracts, subcontracts, agreements, or other documents pertaining to any work performed by Palafox or its subcontractors, suppliers, agents or employees on the project.

RESPONSE: Plaintiffs object to Request No. 6, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 6 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

7. All internal memoranda, correspondence or other documents prepared by or for the contractor for use in estimating, bidding, planning, scheduling, building, accounting, monitoring, reviewing or in any other manner relating to the performance of the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 7, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 7 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

8. All memoranda, reports, minutes or other documents pertaining to pre-construction meetings, progress meetings or other meetings between or among any person or entity performing work on the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 8, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 8 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

9. All canceled checks reflecting payments made by Palafox related to the project, including, without limitation, payments made to Palafox's subcontractors, suppliers, bonding agents or brokers, sureties, and consultants.

RESPONSE: Plaintiffs object to Request No. 9, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 9 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

10. All monthly or periodic requisitions, invoices, certifications, statements, or bills from Palafox's subcontractors to Palafox and any and all schedules of values.

RESPONSE: Plaintiffs object to Request No. 10, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 10 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

11. All monthly or periodic requisitions, invoices, certifications, statements, or bills from Palafox to the Government and any and all schedules of values.

RESPONSE: Plaintiffs object to Request No. 11, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 11 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

12. All reports and analyses produced by all experts or outside consultants for the benefit of Palafox or otherwise utilized by it or any person pertaining to this project.

RESPONSE: Plaintiffs object to Request No. 12, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 12 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

13. All change orders, field orders, work orders and proposals for changes in the work on the project, whether or not approved or made a part of the lease between the Government and Palafox, or between Palafox and any subcontractor, and whether or not actually performed by Palafox or any person or entity with whom it had a contractual relationship.

RESPONSE: Plaintiffs object to Request No. 13, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 13 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the

subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

14. All daily reports, logs, records, diaries, construction schedules, including but not limited to, timing documents, sequencing documents, Critical Path Method schedules, bar charts, timetables, logic revisions or logic diagrams, and/or any monthly schedule updates, revisions, or amendments, regardless of whether they were submitted or approved, or other documents reflecting the progress, conditions, and activities, including any pre-award and proposal activities, relating to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 14, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 14 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

15. All submittals, architectural designs and drawings, samples submitted by Palafox for review, and all logs, records, and documents relating to the review, rejection and approval of submittals, quality assurance plans, and schedules.

RESPONSE: Plaintiffs object to Request No. 15, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 15 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their

custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

16. All documents upon which Palafox intends to rely to establish proof of claims, damages or refutation of claims. Segregate and separately produce all such documents to the extent each was considered in formulating Palafox's June 30, 1998 claim to the contracting officer.

RESPONSE: Plaintiffs object to Request No. 16 to the extent that it attempts to impose upon Plaintiffs any burdens or obligation greater than those imposed by the Rules of the United States Court of Federal Claims and/or the Federal Rules of Civil Procedure. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

17. All requests for information, interpretation and clarification of the lease and/or project documents, plans, and specifications and all logs, files, and responses thereto.

RESPONSE: Plaintiffs object to Request No. 17, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 17 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

18. All internal memoranda, telephone call records, diaries, reports, files, or records relating to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 18, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 18 is for the entire project and would

not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

19. All correspondence, memoranda, reports, invoices, or any writing of any kind or description between and among the contractor, its subcontractors, the Government, bonding agents and brokers, sureties, insurance companies, consultants, or any other person, firm, or entity pertaining to the project or claims related to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 19, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 19 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

20. All contracts, contract amendments, contract modifications, ratification agreements, settlement agreements, liquidation agreements, pass-through agreements, and any other agreements between Palafox and its subcontractors, suppliers, consultants, 'or agents, related to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 20, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 20 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

21. All pleadings, motions, interrogatory responses, deposition transcripts, and all other documents prepared or produced in all litigation instituted by Palafox or its subcontractors and suppliers related to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 21, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 21 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Moreover, Request No. 21 requests documents relating to litigation instituted by Plaintiffs' subcontractors or suppliers, again relating to the entire project and/or lease irrespective of whether such documents are in the custody, control or possession of Plaintiffs. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

22. All documents, including, without limitation, transcripts, audiotapes, videotapes, digital recordings, and electronic media reflecting or relating to any conversation, discussion, meeting or conference related to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 22, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 22 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

23. All transcripts of recorded telephone conversations, and all recordings of telephone conversations, related to the lease and/or project.

RESPONSE: Plaintiffs object to Request No. 23, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 23 is for the entire project and/or lease and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Subject to such objection, to the extent that such production will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs, Plaintiffs will produce such relevant documents as are responsive, not privileged and in their custody, control or possession for inspection and copying at the offices of Plaintiffs located in Bala Cynwyd, Pennsylvania.

RESPECTFULLY SUBMITTED AS TO OBJECTIONS

Herman M. Braude, Esquire
Braude & Margulies, P.C.
888 Seventeenth Street, N.W.
Washington, D.C. 20006
Tel: 202-293-2993
Fax: 202-331-7916
Attorney of Record for Plaintiffs,
Keating Development Company and
Palafox Street Associates, L.P.

Of counsel:
Gerson B. Kramer, Esquire
Stuart A. Sakwa, Esquire
Braude & Margulies, P.C.

F. Warren Jacoby, Esquire
Cozen and O'Connor

## CERTIFICATION

I have read the foregoing Responses and Objections to Defendant's First Requests for Production of Documents Directed to the Plaintiffs and do swear and affirm that they are true and correct to the best of my knowledge, information and belief.

KEATING DEVELOPMENT COMPANY

By: ______________________
Michael Sencindiver, Vice President

COMMONWEALTH OF PENNSYLVANIA:
: ss
COUNTY OF Montgomery :

The foregoing instrument was sworn to and subscribed before me this 10th day of January, 2001 by MICHAEL SENCINDIVER, Vice President of Keating Development Company, on behalf of that corporation, who is personally known to me.

______________________
NOTARY PUBLIC

Printed Name: Marcia S. Kelly

My commission expires: 11.27.03

Notarial Seal
Marcia S. Kelly, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires Nov. 27, 2003
Member, Pennsylvania Association of Notaries

CERTIFICATE OF SERVICE

I certify that the foregoing Responses and Objections of Defendants to Plaintiff's First Request for Production of Documents Directed to the Plaintiffs was sent via U.S. Mail, postage prepaid, this ~~15~~ 17th day of January, 2001, to the Defendant addressed as follows:

John S. Groat, Esquire
Comm'l Litig. Branch
Civil Division, Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530

[signature]

PHILA1\1364688\1 066645.000

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PALAFOX STREET ASSOCIATES, L.P., et. al., Plaintiffs, v. THE UNITED STATES, Defendant | NO: 99-898C |

RESPONSES AND OBJECTIONS OF PLAINTIFFS TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO THE PLAINTIFFS.

INTERROGATORY NO. 1:

With respect to each individual interrogatory, or part thereof, identify the person, or persons answering and/or providing information incorporated into the answer.

ANSWER: To the extent that any information provided in Plaintiffs' Responses to the Discovery Requests is based upon information contained in Plaintiffs' Complaint and/or in the claims ("Claims") submitted by the Plaintiffs to United States General Services Administration ("G.S.A."), it may have been provided, in whole or in part, by counsel for the Plaintiffs and to such extent is therefore privileged. Those individuals who provided information incorporated into such Responses which is not privileged include, primarily, Michael Sencindiver, Dennis Martin, Tracy Greer, Donald Bitterlich, who are described elsewhere in these Responses or the Claims.