INTERROGATORY NO. 2:

Provide the following information for each and every witness from whom Palafox is expected to elicit expert or lay opinion testimony, should this matter proceed to trial:

(a) name of witness;

(b) address and telephone number;

(c) listing of qualifications (a resume or vitae may be attached);

(d) area of expertise;

(e) subject matter of the anticipated testimony;

(f) substance of the facts and opinions upon which testimony is anticipated;

(g) a summary of the grounds for each opinion of each such witness; and

(h) an identification of all reports prepared by the witness for this case.

ANSWER: As of the date of its Responses to the Discovery Requests, Plaintiffs have not determined or otherwise identified the expert or lay opinion testimony which it proposes to elicit at the trial of this matter. At such time as such determination or identification is made Palafox will supplement its Response to this Interrogatory.

INTERROGATORY NO 3:

Identify all subcontractors, suppliers, engineers, testing laboratories, and/or consultants with whom Palafox contracted or otherwise hired to provide equipment, supplies, assistance, advice, analyze work done on the project, or otherwise perform work on the project. Include in your answer a detailed description of the equipment, supplies, assistance, advice-, or work performed by (to include any reports produced by) the subcontractor, supplier, engineer, testing laboratory and/or consultant.

ANSWER: Plaintiffs object to Interrogatory No. 3, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the Defendant is or should be aware of all of the relevant parties whose identities are requested in Interrogatory No. 3 from the construction of the subject project and/or the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 4:

Identify and describe fully the duties and responsibilities of all of Palafox's supervisory and managerial personnel involved in obtaining and performing the lease and the project.

ANSWER: Plaintiffs object to Interrogatory No. 4, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the Defendant is or should be aware of all of the relevant parties whose identities are requested in Interrogatory No. 4 from the negotiation of the lease and the construction of the subject project and/or the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged. The duties of these personnel are consistent with the normal and customary duties of personnel having the job titles and roles customary to the industry.

INTERROGATORY NO. 5:

Identify each person who has personal knowledge of the facts alleged in the complaint and in Palafox's claim, and provide a complete and accurate description of each such person's knowledge as it relates to the facts alleged in the complaint and Palafox's claim.

ANSWER: See Responses to Interrogatories Nos. 1 and 4 above.

INTERROGATORY NO. 6:

State whether you have made any statement or statements, sworn or unsworn, in any form to any person other than your respective attorneys regarding the allegations contained in your complaint. If so, identify:

(a) the name and address of each person to whom such statement was made;

(b) the date each such statement was made;

(c) the form of each statement, whether written, oral., by recording device, or to a stenographer;

(d) whether such statements, if written, were signed; and

(e) the name(s) and address(es) of the person(s) presently having custody of such statements.

ANSWER: Plaintiffs object to Interrogatory No. 6 to the extent it requests information which is or may be subject to immunity or privilege. Subject to such objection, to the best of the knowledge of Plaintiffs, no written statements were given by any person except for statements which may have been submitted in conjunction with insurance claims by or on behalf of any of the Plaintiffs with respect to any casualty losses which occurred at the project. Subject to such objection, to the extent that any written statements were made to or by personnel employed by any of the Plaintiffs and are in their custody, possession or control, Plaintiffs will produce same in response to the Defendant's First Requests for Production of Documents if they are relevant and responsive, to the extent not privileged.

INTERROGATORY NO. 7:

Identify each and every person who has investigated the allegations set forth in your complaint, and state:

(a) the date of each such person's investigation;

(b) a description of each such person's investigation;

(c) the reason each such person's investigation was made; and

(d) whether any record or report of each such person's investigation was made and, if so, the name and address of the person who has custody of such record or report.

ANSWER: See Responses to Interrogatories Nos. 1 and 4 above.

INTERROGATORY NO. 8:

State whether Palafox has some form of an electronic mail system for internal or external communication and if so, produce all communications, internal and external, related to both this lease and/or project and Palafox's proposal for and performance of the lease and/or project.

ANSWER: Plaintiffs currently has an electronic mail system for internal and external communications, and will produce all written output from such system which is relevant and responsive to the Discovery Requests, to the extent not privileged, in response to the Defendant's First Requests for Production of Documents.

INTERROGATORY NO. 9:

State whether Palafox has any electronic databases, electronic media, or electronic repository containing documents and information related to this project, the lease, its proposal for the lease, and/or its claim and, if so, identify each.

ANSWER: Plaintiffs will produce all written output from any electronic database, electronic media, or electronic repository containing documents and information which is relevant and responsive to the Discovery Requests, to the extent not privileged, in response to the Defendant's First Requests for Production of Documents.

INTERROGATORY NO. 10:

Identify each person, now or formerly employed by Palafox, who participated in the formation, drafting, computation, creation, or approval of Palafox's estimate and proposal for the lease and/or project, and for each, identify their title, position, responsibilities, and the nature and extent of their involvement in the preparation.

ANSWER: Daniel J. Keating, III, Chairman of Keating Development Company and Keating Building Corporation, Dennis A. Martin, Michael Sensindiver, Tracy Greer, Michael Bertino, Brad Stadler and Steve Greulich (estimator for Keating Building Corporation) were involved in the formation, drafting computation, creation and/or approval of Plaintiffs' estimate and proposal for the lease and/or the project. Their job titles, except to the extent noted above, are set forth herein or in the Claims, and their involvement therein was consistent with their respective job titles and customary practice in the industry.

INTERROGATORY NO. 11:

Identify each company, firm, state or local government entity, or person not employed by Palafox with whom Palafox consulted during preparation of, and for the purpose of the formulation of its proposal on the lease and/or project, irrespective of whether that person, company, or firm provided any information that was used in the formulation of the proposal.

ANSWER: Michael Martin (Martin Johnson Associates, Pensacola, Florida), John Convery and Tom Zarilli (Dillon Reed, New York, New York), Will Morris, Jack Diamond and Angela Schiffenell (KBJ Associates, Jacksonville, Florida), Jennifer Flemming (Pensacola Redevelopment Authority) and representatives of the Tax Assessment Office, City of Pensacola were consulted by Plaintiffs during the preparation of, and for the purpose of the formulation of its proposal on the lease and/or the project. In addition to the foregoing specific individuals and/or entities, Plaintiff had identified the entities and/or individuals involved in these functions in its submission(s) to the GSA in conjunction with its procurement of the lease.

INTERROGATORY NO. 12:

Identify all documents, proposal sheets, and notes that were generated in the creation, preparation, drafting, formulation, or approval of Palafox's proposal on this lease and/or project, whether prepared by Palafox or those with whom Palafox consulted, and whether those documents were used by Palafox or by any other firm or person.

ANSWER: Plaintiffs object to Interrogatory No. 12, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the Defendant is or should be aware of all of the relevant parties whose identities are requested in Interrogatory No. 12 from the negotiation of the lease and the construction of the subject project and/or the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 13:

Identify any published or written documents, forms, generally recognized methods, assumptions, industry practices, computer programs, formulas, or other aids or references used by Palafox or by those consulted by it in:

(a) the preparation or computation of its proposal on this lease and/or project;

(b) the preparation or computation of its claim; and

(c) the preparation or computation of the amount claimed in its complaint.

ANSWER: Plaintiffs object to Interrogatory No. 13, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the Defendant is or should be aware of all of the relevant parties whose identities are requested in Interrogatory No. 13 from the negotiation of the lease and the construction of the subject project and/or the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 14:

State whether you contend that during the time of the performance of the lease and/or project, Palafox's accounting system adequately charged, or assigned, costs to your various jobs, and explain the factual basis of your contention. Also, identify any documents, from any source (e.g., Defense Contract Audit Agency, outside accounting firm, internal cost control personnel) questioning the adequacy of Palafox's accounting system, as well as Palafox's responses thereto. Include in this response all internal control measures in place to prevent Palafox from over-recovering indirect costs by seeking the same indirect costs on more than one concurrent and/or chronologically overlapping claim.

ANSWER: Plaintiffs do not understand this Interrogatory, or the information requested thereby. Plaintiffs have no reason to believe that their accounting system did not adequately charge or assign costs to its various jobs. Plaintiffs are unaware of any documents, from any source, which question the adequacy of Plaintiffs' accounting system with respect to the foregoing functions. The books and records of Plaintiffs relating to the project and/or the lease have been subjected to audit and inspection on two separate occasions by representatives of the GSA, and Plaintiff is not aware of any determinations made by the GSA as the result thereof regarding the adequacy of any charges or assignments made by the Plaintiffs to the project based upon the alleged failure of Plaintiffs' accounting system.

INTERROGATORY NO. 15:

State whether you contend that Palafox's accounting system adequately charged or assigned costs to each discrete change, delay, or differing site condition under the lease and/or project, and explain the factual basis of your contention.

ANSWER: See Response to Interrogatory No. 14.

INTERROGATORY NO. 16:

Identify any documents or other records generated by Palafox or any person or firm acting upon its behalf that state an amount of profit or loss, whether gross or net, whether anticipated or actual, which Palafox experienced or anticipated experiencing on the lease and/or project.

ANSWER: Plaintiffs object to Interrogatory No. 16, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 17:

Identify the total actual costs, indirect costs, and overhead costs incurred by Palafox in performing the lease and/or project, including:

(a) the number of labor hours worked;

(b) the direct labor costs;

(c) the direct costs for supplies;

(d) the direct equipment costs;

(e) all supplier costs;

(f) all other costs;

(g) the total amount of costs incurred by plaintiff; and

(h) identify all labor and cost records which substantiate the answer to this interrogatory.

ANSWER: Plaintiffs object to Interrogatory No. 17, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 17 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 18:

Identify all costs, whether direct, indirect, or overhead, incurred by Palafox in performing the lease and/or project for which Palafox held or sought to hold one of its subcontractors, suppliers, or a third party responsible. For each such cost, identify the subcontractor, supplier, or third party and the amount of such cost, and its basis.

ANSWER: Plaintiffs object to Interrogatory No. 18, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 18 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. At the present time, there is an unpaid balance of approximately $40,000.00 claimed by KBJ Associates, the architect for the project, which is being held pending the outcome of some of the Claims which are the subject of this litigation. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 19:

Identify all employees of Palafox, past and present, that worked on the project and describe what each person did.

ANSWER: Plaintiffs object to Interrogatory No. 19, which is overly broad, will cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiffs and seeks to elicit information which is not relevant to the subject matter of this litigation. Among other things, the information requested in Interrogatory No. 19 is for the entire project and would not be dispositive, relevant or material in considering the Claims which are the subject of this litigation. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 20:

State and substantiate how you learned about the existence of the alleged "donation agreements," described in Count I of the complaint, from the City of Pensacola to GSA. With regard to the alleged "donation agreements," also state and substantiate:

(a) when you learned of their existence;

(b) who within your organization learned of their existence;

(c) any meetings held about the "donation agreements;" and

(d) whether you asked anyone about them; if the answer is yes, state whom you asked, which individual in your organization made the inquiry, when you asked, how you asked; and the answer received.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 20 is set forth in the Claims submitted by Plaintiffs to the GSA.

INTERROGATORY NO. 21:

With regard to your allegations in paragraph 40 of your complaint that "[t]hese representations were meant to be acted upon by the offerors:"

(a) state the basis of this allegation; and

(b) describe and substantiate how you acted upon "these representations" as alleged.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 21 is set forth in Plaintiffs' Complaint and the Claims submitted by Plaintiffs to the GSA. Among other things, Plaintiffs assume that the representations in question were meant to be acted upon by the offerors because the actions taken by Plaintiffs in response to such representations were logical and the clear and natural result and intention of such representations and the context in which they were made to the offerors, including KDC.