INTERROGATORY NO. 22:

With regard to your allegations in paragraph 43 of your complaint that "KDC would have increased the amount of its proposal for the initial twenty year period, and decreased the amount for the two option periods," identify and substantiate the amount of increase in price you would have proposed.

ANSWER: If KDC had been aware of the donation agreement, and the specific terms thereof, prior to submitting its price proposal for and entering into the lease, KDC would have increased its proposal for the initial 20 year term to an amount in excess of the "prospectus" level, and made corresponding adjustments to the two option periods. It is highly likely, if not a certainty, that as a consequence of this KDC would not have obtained and entered into the lease. KDC never went through the exercise of actually pricing the actual amount of its proposal for the initial 20 year term based upon the existence of the donation agreement because it was not aware at such time of the existence of the donation agreement.

INTERROGATORY NO. 23:

With regard to your allegations in paragraph 54 of your complaint that "KDC would have increased the amount of its proposal for the initial twenty year period, and decreased the amount for the two option periods or not submitted a proposal for and entered into the Government Lease, based upon a business risk analysis," please identify and substantiate:

(a) who performed the analysis;

(b) the results of the analysis;

(c) the method in which the analysis was performed; and

(d) the date the analysis was conducted.

ANSWER: KDC would not have performed, nor did it perform, the business risk analysis referred to in paragraph 54 of the Plaintiffs Complaint in the absence of being aware of the existence of the donation agreement, and the material terms thereof.

)

INTERROGATORY NO. 24:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $857,222.93 in paragraphs 37, 44, and 56 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 24 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 25:

As described in paragraph 59 of your complaint, identify the method by which you offered "the Government the choice of vinyl, wood or cloth covering," identify who made the offer, to whom in the Government you made that offer, how the offer was made, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 25 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 26:

Identify the source of the moisture that found its way to the inside of the exterior walls as alleged in paragraph 61 of your complaint, and substantiate your answer.

ANSWER: Although Plaintiffs have not completed their investigation of the matter, or retained an expert to testify at the trial of this case, Plaintiffs believe, upon information and belief, that the source of the moisture was warm, moist air infiltrating the system.

INTERROGATORY NO. 27:

Identify the methods that you proposed to solve the mold and mildew problems as alleged in paragraph 62 of your complaint, and substantiate your answer.

ANSWER: Although Plaintiffs have not completed their investigation of the matter, or retained an expert to testify at the trial of this case, Plaintiffs believe, upon information and belief, that the utilization of a wall treatment other than vinyl would solve the mold and mildew problem.

INTERROGATORY NO. 28:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $250,599 in paragraph 63 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 28 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 29:

Identify the basis for your allegation in paragraph 74 of the complaint that the sagging acoustical panels "did not effect the ability of the Government to use the building for its intended function," and substantiate your answer.

ANSWER: The information requested in Interrogatory No. 29 is set forth in the Plaintiffs' Complaint and in the Claims submitted by the Plaintiffs to the GSA. Although discovery is still ongoing, upon information and belief, Plaintiffs aver that the alleged sagging acoustical panels did interfere with the Government's use of the five court rooms in question, and most certainly did not interfere with the use by the Government of the building itself. Moreover, upon information and belief, Palafox avers that the Government was not ready, willing and able to take possession of, use and/or occupy the building as of the relevant date(s) in question.

INTERROGATORY NO. 30:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $421,385.12 in paragraph 75 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 30 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 31:

Identify the "supplemental lighting," including the room number in which it was installed and description of the type or amount that you installed, as alleged in paragraph 79 of the your complaint.

ANSWER: The information requested in Interrogatory No. 31 is set forth in the Plaintiffs' Complaint and the Claims submitted by the Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 32:

State with specificity; including a description and breakdown of the cost categories and amount of each category, the basis of your request for $79,030 in paragraph 81 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 32 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 33:

Identify the "design services" that you provided for which you require additional compensation as alleged in paragraphs 84 and 85 of your complaint, and substantiate your answer.

ANSWER: The information requested in Interrogatory No. 33 is set forth in the Plaintiffs' Complaint and the Claims submitted by the Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 34:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $19,515 in paragraph 87 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 34 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 35:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $10,129 in paragraph 95 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 35 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 36:

Identify the work damaged by the Government's tenant fit-up contractors as alleged in paragraph 97 of your complaint, including the date the damage occurred, location of the damage, and the nature of the damage, and substantiate your answer.

ANSWER: The information requested in Interrogatory No. 36 is set forth in the Plaintiffs' Complaint and the Claims submitted by the Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 37:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $31,775 in paragraph 100 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 37 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 38:

Identify the dates and length of the delay caused to the project by the tenant fit-up contractors as alleged in paragraph 101 of your complaint.

ANSWER: The information requested in Interrogatory No. 38 is set forth in the Plaintiffs' Complaint and the Claims submitted by the Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 39:

Identify the work that the Government's tenant fit-up contractors failed to complete including the location of the work and the nature of the work as alleged in paragraphs 101 and 104 of your complaint.

ANSWER: The information requested in Interrogatory No. 39 is set forth in the Plaintiffs' Complaint and the Claims submitted by the Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 40:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $20,402 in paragraph 106 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 40 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.

INTERROGATORY NO. 41:

State with specificity, including a description and breakdown of the cost categories and amount of each category, the basis of your request for $14,175 in paragraph 114 of your complaint, and substantiate your answer.

ANSWER: All relevant information, to the extent not privileged, in response to Interrogatory No. 41 is set forth in the Claims submitted by Plaintiffs to the GSA. Moreover, Plaintiffs have previously, on two separate occasions, provided auditors for the GSA with the opportunity to examine and inspect Plaintiffs' books and records with respect to its Claims which are the subject of this litigation. Finally, Plaintiffs will make available to the Defendant its relevant books, records and other documents in its custody, control or possession relating to the project and/or the lease pursuant to the Defendant's First Requests for Production of Documents, to the extent relevant and responsive to the Discovery Requests, and not privileged.