IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PALAFOX STREET ASSOCIATES, L.P., et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 99-898C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PALAFOX'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CLAIM SUMMARIES AS EVIDENCE PURSUANT TO RULE 1006**

Defendant, the United States, respectfully replies to Palafox Street Associates, L.P., et. al.'s ("Palafox") February 9, 2007 response to the Government's motion in limine ("Palafox Resp."). Our motion seeks to preclude Palafox from relying upon and from introducing into evidence claim summaries incorporated into its claim to the contacting officer as evidence of its entitlement pursuant to Federal Rule of Evidence 1006 ("Rule 1006").

1. In its response, Palafox contends that "[t]he government's eleventh-hour submission of this [our] motion can really only be explained as, at best, inexcusable neglect, or, at worst, a transparent effort to disrupt Plaintiffs' trial preparation." Palafox Resp. at 2. The record belies Palafox's serious allegation. The record reflects that the Government sought on numerous occasions to have Palafox supplement its discovery responses, that the Court ordered Palafox to supplement its discovery responses, that the

Government raised what we believed to be problems with Palafox's proof, both in a letter to Palafox's cousnel and in our pretrial submission, and that the Court at the September 13, 2006 pretrial conference discussed Palafox's burden as to any exhibits that Palafox might proffered at trial pursuant to Rule 1006. Palafox's February 5, 2007 memorandum first asserted Palafox's intention to rely upon Rule 1006 as a basis upon which to enter into evidence proof of its alleged damages and the Government responded to that stated intention on February 7, 2007. The Government's motion is not untimely.

2. In its response, Palafox correctly refrains from contesting our demonstration that Palafox failed to comply with its discovery obligations, and failed to comply with the procedures for the submission of exhibits into evidence pursuant to Rule 1006, that Palafox's failure prejudices defendant and disrupts the proceeding, and that the exhibits themselves do not comply with Rule 1006. The Court, thus, should regard these questions as undisputed. Palafox's compliance with the procedural rules would have avoided what Palafox correctly contends are "eleventh hour" submissions. The fact that the exhibits do not comply with the requirements of Rule 1006 is properly dispositive of any right Palafox might have to enter the exhibits into evidence pursuant to Rule 1006.

3. In its motion, the Government stated, based upon its understanding of Palafox February 5, 2007 supplemental memorandum, that Palafox intended to rely at trial upon what we characterized as "itemizations of the amount sought or claim summaries," copies of which we appended to our motion, as exhibits pursuant to Rule 1006. In response, Palafox now clarifies its position to be that "[o]nly portions of the claim submissions in

question constitute ‘summaries’ within the meaning of FRE 1006. Those portions include pages that summarize additional costs incurred by Plaintiffs and their construction subcontractors in performing extra work above and beyond the agreed scope of what Plaintiffs were required to do under their contract in order to furnish the government with a substantially complete courthouse." Palafox Resp. at 2-3.

Palafox's statement that "supporting documentation for those construction and administration costs upon which those summaries are based has been produced and otherwise made available to the government on two occasions during the course of this litigation, first in formal document production in 2001 and . . .," Palafox Resp. at 2-3, is literally correct, but materially misleading by omission. The statement is literally true because some supporting documentation for some specific items was provided to the Government in discovery, but is materially misleading.

Palafox does not dispute that it did not identify documentation which it now contends would support the exhibits in question in its responses to the Government's discovery. Palafox's failure to identify the underlying documents alone is properly determinative of any right Palafox now has to enter into evidence at trial the disputed documents, which Palafox contends are supported by underlying documents, unidentified in response to the Government's discovery. As demonstrated in our moving brief, moreover, the Government has no reason to believe that supporting documentation exists for most of the specific line items claimed and believes that these items represent Mr. Bitterish's estimates based upon inquiries he made in preparation of the claim and in

anticipation of litigation. To the extent that supporting documentation might exist to support all the line items, as Palafox now claims, such documentation may be among those documents that Palafox refused to produce to the Government relating to the preparation of its claim based upon the basis of its assertion of attorney-client privilege and work product. Palafox Street Associates Privilege Log (Undated) , Reply Appendix ("RA–") 1, but its existence does not satisfy the requirements of Rule 1006.

4. Palafox now clarifies it position that its does not seek to enter the document titled "Present Value of Lease Renewal Period Cash Flows" as a summary pursuant to Rule 1006, which certainly moots our objection to its entry into evidence upon that specific basis. Palafox, however, in its response now argues that it is entitled to prove the contents of that document through the testimony of witnesses at trial, in part upon the basis that the Government's failure to make inquiry into this question in depositions and we respond to that contention briefly

The Government by interrogatories specifically sought discovery into the question of any justification for Palafox's claim to monetary relief, see, e.g., Appendix to Defendant's Motion in Limine (Interrogatory No. 24) 123, and moved to compel more complete responses to our interogatories; the Court ordered Palafox to supplement its responses, but Palafox failed to do. The Government's failure to make specific inquiries in depositions did not relieve Palafox of its discovery obligations. Palafox's failure to comply with the Court's order to supplement its discovery response should be held to preclude Palafox from presenting such testimonial evidence at trial, which testimony

itself appears obviously inadmissable for a variety of other reasons.

5. In response to our argument that the underlying documents which might support the disputed summaries are inadmissible because they were not prepared in the ordinary course of business, Palafox argues that "merely because Plaintiff's counsel reasonably advised his client in April 1998 - after the government finally accepted the building and reinstated rental payments - to be cautious in creating future correspondence because of anticipated litigation. Again, this objection is spurious because all of the documentation that the government is now seeking to exclude was compiled over the course of performance prior to April 1993, and was included in the certified claim submission that was made in June 1998." Palafox Resp at 4-5. Palafox's argument is without merit.

First, Palafox does not correctly characterize the direction of its litigation attorney to Mr. Bitterish and the scope of our objection. As we demonstrated in our moving brief, Palafox's counsel here directed the project executive "not . . . to build a trail of correspondence regarding any consultant or subcontractor or supplier of Keating which might be used by the GSA as evidence of their liability, which might then be imputed to Keating,." F. Jacoby Ltr (April 13, 1998), A47 . Moreover, it appears that this direction was followed, because Mr. Bitterlich testified that he prepared an analysis of the impact of errors and omissions by Palafox's architect (Deposition Don Bitterlich (May 17, 2006) at 122-29, A199-200), which analysis the Government did not locate in its examination of the contract files produced. Business records would logically reflect such an analysis of

errors and omission by the project architect asserted by the contractor as a basis upon which refuse payment of the architect fees. Palafox has not responded to our contention that the fact that such records are not found in its contract records establish that those records were not prepared and maintained in the ordinary course of business; the Court should regard that question as undisputed, and should hold that Palafox's contract files are not admissible as a business record exceptions to the hearsay rule.

Second, the representation that "all of the documentation that the government is now seeking to exclude was compiled over the course of performance prior to April 1993, and was included in the certified claim submission that was made in June 1998" we believe to be obviously incorrect. We have moved to exclude certain documents as exhibits as exhibits pursuant to Rule 1006, which exhibits we believe were compiled in the process of preparing the claim. In so moving, we have argued that the underlying documentation is inadmissible, for a variety of reasons, including that it was not prepared in the ordinary course of business. Palafox has not identified those underlying documents as trial exhibits and, accordingly, we do not now move to exclude those exhibits at trial.

6. Palafox has not responded to our demonstration that the claim summaries are improper because they seeks costs alleged incurred by Keating Building Corporation, which is not a plaintiff. As we discussed in our moving brief, the Court's July 14, 2006 order provides that Palafox is "responsible for proving any liability of Keating Development Company to Keating Building Corporation relating to this project." Because Palafox has not respond to our argument, the Court should regard this matter as

uncontested should grant our motion upon the basis that Palafox cannot prove that it is entitled to costs allegedly incurred by Keating Building Corporation.

7. Palafox's February 5, 2007 supplemental memorandum and February 8, 2007 opposition to the Government's motion in limine constitute an extraordinarily belated attempt to avoid the consequences of Palafox's failure to comply with its discovery and with its pretrial obligations and to proffer at trial properly admissible proof its claimed damages. Rule 1006 does not permit a party to avoid the consequences of its failure to comply with its discovery and pretrial obligations and to evade the requirements of the Federal Rule of Evidence as to properly admissible evidence supporting a claim of alleged damages.

CONCLUSION

For the reasons set forth in our moving brief and above, the Court should grant the Government's motion in limine and enter an order precluding Palafox from introducing into evidence and relying upon claim summaries incorporated into its claim to the contacting officer as evidence of its entitlement pursuant to Rule 1006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

TODD M. HUGHES
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8260
Facsimile: (202) 514-7965

OF COUNSEL:
THOMAS HAWKINS
Assistant General Counsel
General Services Administration
1800 F St., NW Room 4131
Washington, D.C. 20405

February 11, 2007

Attorneys for Defendant